## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

### CIVIL CASE NO. 1:08cv520
### [Criminal Case No. 1:07cr33-4]

TICO LOMBARD FLEMING,    )
                               )
    Petitioner,          )
                               )
    vs.                 )     **MEMORANDUM OF DECISION**
                               )          **AND ORDER**
UNITED STATES OF AMERICA,  )
                               )
    Respondent.       )
_____ )

**THIS MATTER** is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. 1]; Respondent's Motion for Summary Judgment [Doc. 11]; and Petitioner's Motion to Supplement and Amend [Doc. 16].

## I.     PROCEDURAL HISTORY

On April 3, 2007, Petitioner was charged, along with 11 other persons, with conspiring to possess with intent to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count One). [Criminal Case No. 1:07cr33, Doc. 1].  On May 23, 2007, the Government filed an Information pursuant to 21 U.S.C. § 851, advising that Petitioner previously

had sustained three convictions for felony drug offenses in the North Carolina courts. [Id., Doc. 92].

On June 22, 2007, Petitioner entered into a Plea Agreement with the Government wherein he agreed to plead guilty to the conspiracy charge. [Id., Doc. 113 at ¶1]. As is relevant here, the Plea Agreement contained the parties' acknowledgment that Petitioner was facing a statutory mandatory minimum term of ten years' imprisonment and not more than life imprisonment. [Id. at ¶3]. The Plea Agreement further acknowledged Petitioner's understanding that if by the time he entered his guilty plea the Government had filed a § 851 Information listing a single prior felony drug conviction, Petitioner's mandatory minimum term would be 20 years' imprisonment; and if by the time he entered his guilty plea the Government had filed a § 851 Information listing two or more prior felony drug convictions, his mandatory minimum term would be life imprisonment. [Id.].

Concerning his offense conduct, the Plea Agreement contained Petitioner's stipulation that the amount of cocaine base that was known to or reasonably foreseeable by him was at least 5 grams but less than 50 grams. [Id. at ¶ 6(a)]. The Plea Agreement noted, however, that if Petitioner was

determined to be a career offender, his offense level and sentence would be calculated in accordance with that finding.  [Id. at ¶6(d)].

Regarding his post-conviction rights, the Plea Agreement contained a clause by which Petitioner waived his rights to challenge, among other things, his conviction and/or sentence on any grounds except that he was subjected to ineffective assistance of counsel or prosecutorial misconduct, that his sentencing calculations were inconsistent with an explicit stipulation in his Plea Agreement, or that an unanticipated, unusual issue arose during sentencing which required review by the Circuit Court.  [Id. at ¶19].

On July 2, 2007, the Government filed an Amended § 851 Information listing only one of Petitioner's prior convictions for a felony drug offense.  [Id., Doc. 126].  Also on that date, the Court held Petitioner's Plea and Rule 11 hearing.  At the outset of that proceeding, the Court noted that it had "just allowed an amended information pursuant to [21 U.S.C. § 851] to be filed." [Id., Doc. 379: Transcript of Plea and Rule 11 Hearing at 2].  Thereafter, the Magistrate Judge placed Petitioner under oath and engaged him in a lengthy colloquy to ensure that he was entering his guilty plea intelligently and freely. [Id. at 2-19].  By his answers to the Court's questions, Petitioner indicated, among other things, that he had discussed the charge and corresponding

penalties with counsel; that he understood those matters as they were explained to him; that he understood the Court's explanation of how his prior convictions could impact his statutory sentencing exposure; that he had taken ample time to discuss possible defenses with counsel; that his attorney had discussed how the United States Sentencing Guidelines (U.S.S.G.) applied in his case; that he understood the rights that he was relinquishing by virtue of his guilty plea; and that he understood and agreed to the terms of his Plea Agreement. [Id. at 7-18]. Petitioner's answers further established that he was tendering his guilty plea because he was in fact guilty of the offense, and that he was entirely satisfied with the services of his attorney. [Id. at 14 and 19]. Petitioner also indicated that he did not have any questions, statements or comments to make. [Id. at 19]. Based upon that colloquy and Petitioner's answers, the Court concluded that his guilty plea was made freely and voluntarily and should be accepted. [Id. at 20].

On November 1, 2007, the United States Probation Office prepared a revised Presentence Report advising that although Petitioner's unadjusted offense level would otherwise be 28, because of his numerous prior convictions, including three felony drug convictions, he was a career offender with a total offense level of 34 and a criminal history category of VI. [Id., Doc.

4

195 at 1].  The Report further indicated that the corresponding advisory range of imprisonment was 262 to 327 months.  [Id.].

On November 19, 2007, the Government filed a Motion for a Downward Departure, stating that Petitioner had provided substantial assistance to authorities and requesting a departure the equivalent of two offense levels, which would result in an equivalent guideline range of 210 to 262 months' imprisonment.  [Id., Doc. 189 at 2-3].  Such Motion further asked that the Court not impose a sentence below 210 months.  [Id. at 3].

On November 27, 2007, the Court held Petitioner's Sentencing hearing. Initially, the Court determined -- based upon Petitioner's admission of guilt, defense counsel's stipulation and the evidence set forth in the Presentence Report -- that there was a factual basis to support his plea.  [Id., Doc. 380: Transcript of Sentencing Hearing at 2].  Thereafter, the Court granted the Government's Motion for a Downward Departure and announced that Petitioner would be sentenced with reference to a newly calculated advisory sentencing range of 210 to 262 months' imprisonment.  [Id. at 4-5].  Defense counsel then asked the Court for a further departure based, in part, upon the facts that Petitioner had no felony convictions for firearms or violence-related offenses, and that his drug-related convictions primarily were caused by his

own addiction.  [Id. at 5-7].  When provided the opportunity for allocution,

Petitioner apologized for being in Court, and stated, in part, that he was not

a bad person and that he was willing to take "whatever punishment [the Court]

g[a]ve [him]" and to use that time to better himself.  [Id. at 7-8].

After considering all of the relevant information, the Court sentenced

Petitioner to 210 months' imprisonment.  [Id. at 8].  The Court's Judgment was

entered on December 3, 2007.  [Id., Doc. 194].  Petitioner did not directly

appeal that Judgment.  Instead, on November 14, 2008, Petitioner filed the

instant Motion to Vacate arguing that counsel was ineffective for failing to

challenge the sufficiency of the conspiracy charge, for failing to challenge the

Government's noncompliance with § 851, and for failing to challenge the

calculation of his offense level. [Doc. 2-2 at 3-10 and 12-14].  In addition,

Petitioner claims that his guilty plea was not freely and intelligently made.  [Id.

at 10-12].  Notably, Petitioner does not seek to vacate his conviction but

merely to be re-sentenced without the career offender designation. [Doc. 2-2

at 13].

On December 6, 2010, Respondent filed its Answer contending, in part,

that Petitioner's Motion is subject to summary dismissal because his claim of

an involuntary guilty plea is procedurally defaulted without excuse and his

claims of ineffective assistance are factually and legally baseless. [Doc. 10]. Respondent's Answer is accompanied by an Affidavit from Petitioner's former attorney. [Doc. 10-1]. Respondent also filed a Motion for Summary Judgment, arguing that it is entitled to judgment as a matter of law. [Doc. 11].

On December 14, 2010, the Court entered an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of his obligation to file a response to the Motion for Summary Judgment, and explaining the requirement that he present any evidence by affidavit or unsworn declarations. [Doc. 12]. In response to that Order, Petitioner filed an unsworn Statement that merely disputes the representations made by Respondent. [Doc. 15]. Notably, Petitioner's Statement does not forecast any evidence to rebut Respondent's showing that one of his claims was defaulted and that the others do not entitle him to any relief.

Petitioner also filed a Motion to Supplement and Amend on September 6, 2011, essentially seeking to add a claim that he is "actually innocent of this [§ 851] enhancement" pursuant to the Supreme Court's decision in Carachuri-Rosendo v. Holder, 130 S.Ct. 2577, 177 L.Ed.2d 68 (2010). [Doc. 16 at 1]. Respondent has filed a Response in Opposition to that Motion on the ground that Petitioner's proposed claim is time-barred and does not relate back to any

timely filed claim. [Doc. 17]. Petitioner's Reply contends that the proposed amendment relates back to his timely filed claims that counsel should have challenged both the Government's noncompliance with § 851 and the determination of his Guidelines offense level. [Doc. 18].

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 provides, in pertinent part, as follows:

> A party may move for summary judgment, identifying each claim or defense -- or the part of each claim or defense -- on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law . . . .

Fed. R. Civ. P. 56(a). In considering the Government's motion for summary judgment, the Court must construe the evidence in the light most favorable to the Petitioner and draw all reasonable inferences in his favor. BB&T Corp. v. United States, 523 F.3d 461, 471 (4th Cir. 2008).

## III.   DISCUSSION

### A.    Procedural Default

The Court turns first to Petitioner's claim that his guilty plea was not entered knowingly and voluntarily. In support of this claim, Petitioner argues that the Government fraudulently induced him to plead guilty by filing an initial

§ 851 Information setting forth three prior felony drug convictions, thus indicating that he was facing a mandatory life sentence . The Government subsequently amended that Information after he entered his guilty plea to identify only a single prior felony drug conviction, thus exposing him to a minimum term of 20 years' imprisonment. As the Court explains below, this claim is not cognizable.

Generally, claims that could have been but were not raised on direct review are barred on collateral review by procedural default. United States v. Pettiford, 612 F.3d 270, 280 (4th Cir.) cert. denied, 131 S.Ct. 620, 178 L.Ed.2d 454 (2010). Indeed, "[h]abeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (internal quotation marks and citation omitted). Therefore, in order to collaterally attack a conviction or sentence based upon errors that could have been but were not raised on direct appeal, a petitioner must show both cause to excuse his default and actual prejudice resulting from the errors of which he is complaining, or he must show that a "miscarriage of justice" would result from the court's refusal to consider his claim. United States v. Mikalajunas, 186

F.3d 490, 492-93 (4th Cir. 1999) (citing United States v. Frady, 456 U.S. 152, 170, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)).

Petitioner's claim that his guilty plea was not knowing and voluntary clearly could have been raised on direct appeal as everything necessary to adjudicate the claim can be found in the trial record. Furthermore, Petitioner does not attempt to establish cause and prejudice for excusing his default of this claim. Nor does Petitioner attempt to establish, by clear and convincing evidence or otherwise, that a miscarriage of justice will occur if his claim is not reviewed. Consequently, the Court concludes that this claim is procedurally defaulted without excuse and cannot be reviewed.

**B.    Ineffective Assistance of Counsel**

The Court next turns to Petitioner's allegations that his former attorney provided ineffective assistance of counsel. The Supreme Court has provided the following test for determining whether a defendant received adequate assistance:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that

> counsel's errors were so serious as to deprive the
> defendant of a fair trial, a trial whose result is reliable.

Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674

(1984). Unless a defendant makes both showings, his claim of ineffective

assistance of counsel must fail. Id. To obtain relief on a claim of ineffective

assistance of counsel following the entry of a guilty plea, a petitioner must

show that counsel's performance fell below objective standards of

reasonableness, and, that but for his conduct, there was a reasonable

probability that he would not have pleaded guilty but would have insisted on

going to trial. Id. at 688; Bustos v. White, 521 F.3d 321, 324 (4th Cir. 2008).

The Fourth Circuit has explained that "[t]his is an objective inquiry and

dependent on the likely outcome of a trial had the defendant not pleaded

guilty." Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007) (citations

omitted). Moreover, when there are allegations that counsel was ineffective

at sentencing, a petitioner must show that his "sentence would have been

more lenient" absent counsel's errors. Royal v. Taylor, 188 F.3d 239, 248-49

(4th Cir. 1999).

In reviewing claims of ineffective assistance of counsel, "[j]udicial

scrutiny of counsel's performance must be highly deferential." Strickland, 466

U.S. at 689, 104 S.Ct. 2052. Indeed, the Court must make "every effort . . .

11

to eliminate the distorting effects of hindsight," operating, instead with "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A petitioner bears the burden of proving Strickland prejudice and if he fails to do so "a reviewing court need not consider the performance prong." Fields v. Attorney Gen. of State of Md., 956 F.2d 1290, 1297 (4th Cir. 1992).

In the present case, Petitioner alleges that counsel was ineffective for failing to object to the sufficiency of the Indictment, for failing to challenge the Government's alleged noncompliance with the notice requirements of § 851, and for failing to object to the application of the Career Offender enhancement. Petitioner fails to assert, however, that but for counsel's failures he would have insisted on going to trial. Nor does he forecast any evidence to show that but for counsel's alleged errors, he would have received a lower sentence.

Petitioner does not claim or even suggest that he is innocent of the subject offense. Indeed, his former attorney's Affidavit reflects that by the time the Indictment was filed against Petitioner in this case, a North Carolina court already had convicted him of one or more of the overt acts that were involved in the instant conspiracy offense; that by the time counsel was

appointed in his case, Petitioner had already incriminated himself by assisting authorities with their investigation of his case; and that Petitioner told counsel on the first day that they met that he did not want to go to trial but simply wanted counsel to negotiate the best deal possible for him. [Doc. 10-1 at 1]. Further, as was already noted, Petitioner's Motion does not request that his conviction be vacated or even that he receive a new trial. On the contrary, the Motion merely seeks resentencing without the career offender designation.

By pleading guilty, Petitioner was able to obtain both a three-level reduction for acceptance of responsibility as well as an additional two-level downward departure for his substantial assistance. If Petitioner had gone to trial and been convicted, he undoubtedly would have forfeited the three-level reduction, and almost certainly would not have been able to earn the two-level reduction. In light of these circumstances, it is unlikely that a reasonable defendant in Petitioner's situation would have insisted on going to trial, notwithstanding counsel's alleged errors. Nor is it likely that such a trial would have resulted in a lower sentence for Petitioner. Accordingly, Petitioner cannot demonstrate any prejudice on the basis of counsel's performance. See Meyer, 506 F.3d at 369 (noting that prejudice determination under Hill "is

an objective inquiry . . . dependent on the likely outcome of a trial had the defendant not pleaded guilty.").

In any event, Petitioner's claims against counsel are baseless. Petitioner claims that counsel should have challenged the Indictment's failure to allege the specific date on which the conspiracy began as opposed to alleging that it began "in or around January 2002." [Doc. 1-2 at 5-6]. The law is clear, however, that where a particular date is not a substantive element of the offense -- as is the case where a drug conspiracy is charged -- an indictment is not defective or otherwise invalid for alleging that an act occurred in or around a certain date. See United States v. Smith, 441 F.3d 254, 261 (4th Cir. 2006). Therefore, this allegation is legally baseless.

Petitioner alleges that counsel should have challenged the Government's conduct in filing an amended § 851 Information "immediately after" he entered his guilty plea. [Doc. 1-2 at 7-8]. This allegation, however, is also baseless. The transcript of Petitioner's plea hearing reflects that the amended § 851 Information was, in fact, filed before the time that Petitioner entered his guilty plea. [Criminal Case No. 1:07cr33, Doc. 379 at 2]. Moreover, as Petitioner's own exhibit to his Motion reflects, defense counsel actually negotiated with the prosecutor for the filing of the amended § 851

Information during an e-mail exchange that occurred <u>before</u> Petitioner entered his guilty plea [Doc. 1-2 at 14], and defense counsel's Affidavit reports that he made Petitioner aware of those negotiations. The Petitioner offers no forecast of evidence to the contrary.

At the Rule 11 hearing, the Court advised Petitioner of the statutory sentence that he could face in the event that it was found that he had one or more prior convictions for a felony drug offenses at the time that the offense was committed. [Criminal Case No. 1:07cr33, Doc. 379 at 9-10]. In response to the Court's explanation of his potential sentencing exposure, Petitioner told the Court that he understood those matters. [<u>Id.</u>].

Based on the record, it is clear that the Government did not fail to comply with § 851 and, in any event, that Petitioner was well aware of the penalties that he was facing prior to the entry of his guilty plea. Consequently, this claim is both factually and legally baseless.[1]

---

[1]In response to Respondent's Motion for Summary Judgment, Petitioner claims, for the first time, that counsel told him that he would receive a ten-year sentence but neglected to explain the impact of the Guidelines, and that he did not see either the original or amended § 851 notices until 13 months after he was sentenced, which also was after the deadline for filing his Motion to Vacate. [Doc. 15 at 4]. These belated, self-serving contentions, however, are belied by the transcript of Petitioner's Plea and Rule 11 hearing. Even if the Court accepted these belated, self-serving allegations as true, Petitioner still fails to contend that but for these alleged errors, he would have insisted on going to trial or somehow would have received a lower sentence. As such, he cannot establish any prejudice on the basis of these belated allegations. <u>See</u> <u>Bustos</u>, 521 F.3d at 324.

Petitioner further claims that counsel should have challenged his career offender designation because the Probation Office erroneously calculated his offense level to be 37 instead of 34. Specifically, Petitioner argues that the offense level of 37 under the career offender provisions of U.S.S.G. § 4B1.1(b)(A) would only have been applicable if his maximum sentence had remained life imprisonment. He contends that because the drug quantities for which he was found to be responsible resulted in a sentencing range between five and forty years pursuant to 21 U.S.C. § 841(a)(1)(B) that the career offender enhancement of U.S.S.G. § 4B1.1(b)(B) was applicable, and thus his offense level should have been set at 34. [Doc. 1-2 at 13]. Petitioner, however, ignores the amended § 851 Notice. With the conviction set out in that Notice, Petitioner was still exposed to a sentence between twenty years and life pursuant to 21 U.S.C. § 841(a)(1)(B). Hence, U.S.S.G. § 4B1.1(b)(A) applied and the offense level was correctly calculated to be 37. Counsel was not ineffective for failing to object to something that is correct. Consequently, this claim is also baseless.

### C. Petitioner's Motion to Supplement and Amend

Petitioner has filed a Motion to Supplement and Amend his § 2255 Petition, essentially seeking permission to assert an additional claim based

upon the decisions of <u>Carachuri-Rosendo v. Holder</u>, 130 S.Ct. 2577, 177 L.Ed.2d 68 (2010) and <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011) (en banc). In essence, Petitioner seeks to assert a claim that he was designated as a career offender improperly based upon prior State convictions that no longer qualify as convictions for felony drug offenses. [Doc. 16]. Respondent argues that the claim is time-barred and does not relate back to any timely filed claim. [Doc. 17].

Section 2255 provides, generally, for a one-year statute of limitations from the date on which a petitioner's judgment becomes final. 28 U.S.C. § 2255(f)(1).[2] In the present case, the Court's Judgment was entered on December 3, 2007, and there was no appeal. Thus, the Judgment became final ten business days later on December 17, 2007. <u>See</u> Fed. R. App. P. 4(b)(1)(A)(i) (2007); <u>Clay v. United States</u>, 537 U.S. 522, 526, 123 S.Ct. 1072,

---

[2]Alternatively, § 2255 provides that the one-year statute of limitations for habeas claims runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). The Fourth Circuit has yet to determine whether <u>Carachuri-Rosendo</u>, as interpreted by the Fourth Circuit in <u>Simmons</u>, applies to cases on collateral review in this context. Even assuming that § 2255(f)(3) is applicable in such circumstances, Petitioner's proposed claim would still be time-barred because Petitioner did not seek leave to file this claim until September 6, 2011, more than 14 months after <u>Carachuri-Rosendo</u> was decided. <u>See</u> <u>Dodd v. United States</u>, 545 U.S. 353, 357, 125 S.Ct. 2478, 162 L.Ed.2d 343 (2005) (holding that the statute of limitations runs for one year from the date on which the right asserted was initially recognized by the Supreme Court, not the date from which the right was made retroactively applicable on collateral review).

155 L.Ed.2d 88 (2003). Therefore, Petitioner had until December 17, 2008, in which to file all of his challenges to his conviction and/or sentence. Petitioner filed his original § 2255 petition on November 14, 2008, well within this time period. His present motion to supplement and amend, however, was filed on September 6, 2011, more than three-and-a-half years after that Judgment was entered, and thus is untimely unless it relates back to one of the claims made in his original motion.

The amendment of § 2255 pleadings is governed by Rule 15 of the Federal Rules of Civil Procedure. See United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000). Rule 15(a) provides that a party may amend its pleading once as a matter of course within 21 days or within 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). In all other cases, a party must seek leave to amend. Fed. R. Civ. P. 15(a)(2). Where a petitioner seeks to amend his motion to add a claim that would otherwise be time-barred by the applicable statute of limitations, Rule 15(c)(1) requires that the amended claim "relate[ ] back to the date of the original pleading." Fed. R. Civ. P. 15(c)(1); see also Pittman, 209 F.3d at 317. Rule 15(c)(1)(B) provides that an amendment relates back when it "asserts a claim or defense that arose out of the conduct, transaction or occurrence set out -- or attempted

to be set out -- in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).  As the Supreme Court stated in <u>Mayle v. Felix</u>, in the context of a habeas motion, "conduct, transaction, or occurrence" does not mean the same "trial, conviction, or sentence," such that any claim that relates to the prior conviction or sentence challenged in a habeas motion is considered timely, no matter how long after the original motion it is filed.  545 U.S. 644, 664, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005).  Rather, a proposed amendment relates back to the date of the original motion if it "state[s] claims that are tied to a common core of operative facts."  <u>Id.</u> at 664, 125 S.Ct. 2562.  With respect to claims of ineffective assistance of counsel, a new claim of ineffective assistance of counsel does not relate back to an earlier asserted claim of ineffective assistance of counsel if the "new claim asserts 'a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.'"  <u>United States v. Gonzalez</u>, 592 F.3d 675, 680 (5th Cir. 2009) (quoting <u>Mayle</u>, 545 U.S. at 650, 125 S.Ct. 2562), <u>cert. denied</u>, 131 S.Ct. 231, 178 L.Ed.2d 153 (2010).

Petitioner's new claim is based on an argument that he should not have been sentenced as a career offender because his prior state drug convictions did not actually constitute predicate felony offenses.  Petitioner fails to

demonstrate, or even to assert, that this new claim in any way relates back to any of the claims made in his original timely petition. As previously discussed, all of the claims in that petition related to allegations of ineffective assistance of counsel. While one of those claims did involve the career offender enhancement, the assertion there was that the amended notice pursuant to 21 U.S.C. § 851, increasing the statutory maximum sentence, was filed too late. Petitioner never made any claims concerning the propriety of using his prior state drug convictions as predicates for the career offender enhancement. Additionally, it did not constitute ineffective assistance for Petitioner's counsel not to have raised the Carachuri-Rosendo issue. At the time of Petitioner's sentencing on November 27, 2007, this issue was governed by United States v. Harp, 406 F.3d 242 (4th Cir. 2005), and so any such challenge would have been summarily dismissed. See United States v. Webb, No. 10-4472, 2011 WL 5042514, at *1-2 (4th Cir. Oct. 25, 2011). Thus, his new claim asserts "a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth," Mayle, 545 U.S. at 650, 125 S.Ct. 2562, and does not properly relate back to the timely-filed original motion.

## IV.    CONCLUSION

Upon considering the pleadings and documents submitted by the parties, the Court finds that Petitioner is not entitled to any relief and therefore his Motion to Vacate must be dismissed.    The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong"); Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (when relief is denied on procedural grounds, petitioner must establish both that dispositive ruling is debatable, and that petition states a debatable claim of the denial of a constitutional right).  As a result, the Court declines to issue a certificate of appealability.


## O R D E R

**IT IS, THEREFORE, ORDERED** that:

1.    Petitioner's Motion to Supplement and Amend [Doc. 16] is **DENIED**;

2.   Respondent's Motion for Summary Judgment [Doc. 10] is **GRANTED**; and

3.   Petitioner's Motion to Vacate [Doc. 1] is **DENIED and DISMISSED**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: January 10, 2012

Martin Reidinger
United States District Judge